**ROYAL INDUSTRIES, INC., et al.,**
**Appellants,**

v.

**DYE CARBONIC, INC., et al., Appellees.**

No. 21269.

United States Court of Appeals
Ninth Circuit.

Nov. 17, 1967.

Long & Levit, Irving L. Halpern (argued), Los Angeles, Cal., Allen & Fels, Phoenix, Ariz., for appellants.

Moore, Romley, Kaplan, Robbins & Green, Phillip A. Robbins, (argued), Snell & Wilmer, Gordon G. Aldrich (argued), Minne & Sorenson, Phoenix, Ariz., for appellees.

Before BROWNING and DUNIWAY, Circuit Judges, and BYRNE, District Judge.

PER CURIAM.

This is a suit to recover damages for injury to the property of Royal Industries, Inc., caused by a fire which allegedly originated on the adjacent property of Dye Carbonic, Inc., as a result of the latter's negligence. The case was tried to the court. At the conclusion of plaintiffs' case the court dismissed the action with prejudice under Rule 41(b).

Appellants point to certain remarks of the trial judge which they say show that he mistakenly believed the doctrine of res ipsa loquitur did not apply in non-jury cases, and that he therefore did not consider the doctrine in determining the 41(b) motion.

The doctrine of res ipsa loquitur is of course equally applicable whether the trier of fact be judge or jury, as our recent decisions in Lux Art Van Service v. Pollard, 344 F.2d 883 (1965), and Southern Arizona York Refrigeration Co. v. Bush Manufacturing Co., 331 F.2d 1, 7–8 (1964) and 361 F.2d 336 (1966), sufficiently demonstrate. We need not decide whether the trial judge entertained a mistaken view on this subject, however, for, even if he did, it is evident from the record that that view could not have affected the outcome.

It is a prerequisite to a finding of negligence under the doctrine of res ipsa loquitur that the plaintiff establish that the occurrence resulting in injury was "caused by an agency or instrumentality within the exclusive control of the defendant." Prosser on Torts 201 (2d ed. 1955). In the present case it is entirely clear from the findings as a whole that the trial judge was satisfied that the appellants failed to establish by a preponderance of the evidence that the fire could be traced to any instrumentality or cause for which Dye Carbonic, Inc., was exclusively responsible. This factual determination is amply supported by the record.

We do not find that the district court abused its discretion in taxing costs. See State of Utah v. United States, 304 F.2d 23, 27 (10th Cir. 1962).

The judgment must therefore be, and it hereby is, affirmed.